JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

AUG 15 2001

FILED CLERK'S OFFICE

FILED CIVIL ACTION NO. 01-3984(JAG)

AUG 17 2001

AT 8:30 ______ M
WILLIAM T. WALSH
CLERK

RELEASED FOR PUBLICATION

DOCKET NO. 1419 01-820 JRT/JGL

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE K-DUR ANTITRUST LITIGATION***

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL***

District of Minnesota
Consumers for Affordable Healthcare Coalition v Schering-Plough Corp.,et al
C.A.No.0:01-820

***TRANSFER ORDER***

This litigation presently consists of sixteen actions: nine actions in the District of New Jersey; two actions in the Northern District of California; and one action each in the Northern District of Alabama, the Central District of California, the Southern District of Florida, the District of Minnesota, and the Eastern District of Pennsylvania.[1] Before the Panel is a motion by defendant Schering-Plough Corporation (Schering-Plough), pursuant to 28 U.S.C. §1407, to centralize all actions in the District of New Jersey for coordinated or consolidated pretrial proceedings. Defendants American Home Products Corporation (AHP) and Upsher-Smith Laboratories, Inc. (Upsher-Smith) along with plaintiffs in eleven[2] of the sixteen actions before us and in two New Jersey potential tag-along actions agree that centralization is appropriate. In addition to Schering-Plough, AHP and nearly all responding plaintiffs favor centralization in the District of New Jersey, while Upsher-Smith suggests selection of either the District of the District of Columbia, the Eastern District of Virginia or the District of Maryland as transferee district. Plaintiff in one Northern California action opposes inclusion of her action in Section 1407 proceedings, because a motion to remand this action to state court is pending; plaintiff asks the Panel to defer its Section 1407 ruling until a ruling on the remand motion.

---

* Judges Sear and Selya did not participate in the decision of this matter.

[1] The Panel has been notified that sixteen related actions have recently been filed: five actions in the District of New Jersey; and one action each in the District of Arizona, the Northern District of California, the District of Kansas, the Eastern District of Louisiana, the District of Minnesota, the District of North Dakota, the Eastern District of Tennessee, the Western District of Tennessee, the Eastern District of Texas, the Northern District of West Virginia, and the Eastern District of Wisconsin. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The New Jersey, Minnesota and Pennsylvania actions.

12

FILED AUG 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations that settlements[3] in two patent actions are illegal conspiracies to prevent generic competition for K-Dur in the United States. Centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We note that the remand motion in one of the Northern California actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

The District of New Jersey stands out as the most appropriate transferee district for this docket. We note that i) nine actions before us and five potential tag-along actions are already pending in the New Jersey court, and ii) because Schering-Plough's and AHP's principal places of business are located in New Jersey, relevant documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Joseph A. Greenaway, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

s/ Terrell Hodges
Wm. Terrell Hodges
Chairman

---

[3] These settlements were between i) Schering-Plough and Upsher-Smith in a New Jersey patent action, and ii) Schering-Plough and ESI Lederle, Inc. (Lederle), a business unit of an AHP subsidiary, in a Pennsylvania patent action.

# SCHEDULE A

MDL-1419 -- In re K-Dur Antitrust Litigation

Northern District of Alabama

*Frances Irene Steadman v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1263

Central District of California

*Natalie Sutin v. Schering-Plough Corp., et al.*, C.A. No. 2:01-4182

Northern District of California

*Jacqueline Cundiff v. Schering-Plough Corp., et al.*, C.A. No. 3:01-1835
*Estelle Travers v. Schering-Plough Corp., et al.*, C.A. No. 4:01-1971

Southern District of Florida

*Mildred Grossman v. Schering-Plough Corp., et al.*, C.A. No. 9:01-8418

District of Minnesota

*Consumers for Affordable Healthcare Coalition v. Schering-Plough Corp., et al.*, C.A. No. 0:01-820

District of New Jersey

*HIP Health Plan of Florida, Inc. v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1652
*United Food & Commerical Workers Local 56 Health & Welfare Department v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1769
*Amy Reichert v. Schering-Plough Corp., et al.*, C.A. No. 2:10-1770
*Carl M. Wallace, et al. v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1771
*Stanley Nemser v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1943
*Stanley Nemser v. Schering-Plough Corp., et al.*, C.A. No. 2:01-1944
*Norman Seabrook, et al. v. Schering-Plough Corp., et al.*, C.A. No. 2:01-2090
*Rose Lipscomb v. Schering-Plough Corp., et al.*, C.A. No. 2:01-2119
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Schering-Plough Corp., et al.*, C.A. No. 2:01-2191

Eastern District of Pennsylvania

*Dawn Maffei v. Schering-Plough Corp., et al.*, C.A. No. 2:01-2012

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By ..................
Deputy Clerk